# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-CV-363 |
| v. ) | |
| ) | Judges _____ |
| 116 ROCKBRIDGE GREENS BLVD., ) | |
| OAK RIDGE, TENNESSEE 37830, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Daniel Nugent, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of defendant property as set forth below.

## THE DEFENDANT *IN REM*

2. The United States seeks forfeiture of the following defendant property with all buildings, appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

> The real property located at **116 Rockbridge Greens Blvd., Oak Ridge, Tennessee 37830**, with all appurtenances, improvements and attachments thereon, belonging to Christopher Caleb Mullins and Barbara Megan Mullins, more particularly described as follows:

SITUATED in the Second Civil District of Anderson County, Tennessee, within the corporate limits of the City of Oak Ridge, Tennessee, and being more particularly described as follows:

BEING designated as Lot 92, Block 27CN, RIVERS RUN SUBDIVISION, Section G, as shown on the plat of same of record in Plat Cabinet 7, Slide 189-B and 189-C, in the Register's Office, Anderson County, Tennessee, to which plat specific reference is hereby made for a more particular description of said lot.

BEING the same property conveyed to The Trust Company of Knoxville, Trustee FBO The Seward B. Norris Roth IRA by Substitute Trustee's Deed from Daniel F. Wilkins, Substitute Trustee, dated July 1, 2015, recorded July 6, 2015 in Book 1621, Page 946, Register's Office, Anderson County, Tennessee.

For further reference see Special Warranty Deed recorded on February 24, 2016 in the Register of Deeds Office for Anderson County, Tennessee recorded in Book 1633, Pages 1274-1275 conveying the real property to Christopher Caleb Mullins and Barbara Megan Mullins.

3. The defendant property has not been seized but is within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

    a. post notice of this action and a copy of the Verified Complaint *in Rem* on the defendant property;

    b. serve notice of this action on the record owner of the defendant property, and any other person or entity who may claim an interest in the defendant property, along with a copy of this Verified Complaint *in Rem*;

    c. execute a writ of entry for purposes of conducting an inspection and inventory of the defendant property; and

    d. file a notice of *lis pendens* in the county records where the defendant property is located.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant property occurred in this district.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district. Additionally, venue is proper pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## BASIS FOR FORFEITURE

7.      The United States of America seeks forfeiture of the defendant property pursuant to:

   a) 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1001, 1035, 1347, 1349, 1957 and 371;

   b) 18 U.S.C. § 981(a)(1)(A), which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation 18 U.S.C. § 1957, or any property traceable to such property.

8.      Pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

9.      As set forth in detail in the Affidavit of Special Agent, Joseph Valero, Federal Bureau of Investigation, the Government's investigation has determined that the defendant property is derived from proceeds traceable to violations of 18 U.S.C. §§ 1001, 1035, 1347,

1349, 1957 and 371. Defendant property is also property that was involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1957, and property traceable to such property, and subject to forfeiture.

The owners of the defendant property, Christopher Caleb Mullins and Barbara Megan Mullins, and others, known and unknown, knowingly and willfully combined, conspired, and agreed to bill for health care services, in the Eastern District of Tennessee and elsewhere, for the purpose of executing a scheme and artifice to defraud health care benefit programs, to include the Department of Labor Energy Employees Occupational Illness Compensation Program Act ("EEOICPA") and to obtain by means of false and fraudulent pretenses, representations, and promises, owned by or under the control of health care benefit programs, in connection with the delivery of any payment for health care benefits, items, or services, and, in furtherance thereof, caused to be submitted fraudulent claims for payment.

10. The defendant property is subject to forfeiture to the United States in accordance with 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

## CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above.

## PRAYER FOR RELIEF

12. Wherefore, the United States of America prays that:

    (a) Defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(b)   Notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; and

(c)   Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: *Daniel P Nugent*
DANIEL P. NUGENT
Assistant United States Attorney
DC Bar No. 499927
800 Market Street, Suite 211
Knoxville, Tennessee 37902
daniel.nugent@usdoj.gov
(865) 545-4167

## VERIFICATION

I, Joseph Valero, Special Agent, Federal Bureau of Investigation, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *in Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this \_\_4\_\_ day of October, 2023.

_____
Joseph Valero
Special Agent
Federal Bureau of Investigation